IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Roxanne Nelson, | ) | Civil Action No.: 9:13-cv-2791-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R & R") of United States Magistrate Judge Bristow Marchant.[1] Plaintiff Roxanne Nelson ("Plaintiff" or "Nelson") brought this action pursuant to 42 U.S.C. §405(g), to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for supplemental security income ("SSI") and disability insurance benefits ("DIB"). In the R & R, the Magistrate Judge recommends reversing the decision of the Commissioner and remanding for further administrative proceedings. *See* R & R, ECF No. 18 at 16.

**FACTUAL FINDINGS AND PROCEDURAL HISTORY**

The Plaintiff filed an application for SSI and DIB on September 12, 2011, alleging a disability onset date of November 25, 2010. (R. p. 41.) After her application was denied initially and on reconsideration, she requested a hearing before an administrative law judge ("ALJ"). (*Id.*) The hearing before the ALJ was held on January 9, 2013, and Plaintiff was represented at the hearing by Beatrice Whitten, esq. (*Id.*) The ALJ issued an unfavorable decision on January 25,

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

2013. (R. pp. 38–52.) Plaintiff requested Appeals Council review of the ALJ's decision, but the Appeals Council denied her request for review, (r. pp. 1–5), making the ALJ's decision the Commissioner's "final decision" for purposes of judicial review, *see* 42 U.S.C. §405(g); 20 C.F.R. §404.981 (2003). The ALJ's overall findings were as follows:

> 1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2014.
>
> 2. The claimant has not engaged in substantial gainful activity since November 25, 2010, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
> . . .
> 3. The claimant has the following severe impairments: depressive disorder, panic disorder and substance abuse disorder (20 CFR 404.1520(c) and 416.920(c)).
> . . .
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
> . . .
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: the claimant cannot have any exposure to unprotected heights or dangerous machinery. She is limited to simple, repetitive tasks, and she can have no contact with the general public and only occasional contact with coworkers and supervisors. Additionally, the claimant is limited to only occasional changes in the work setting, and she cannot work in a fast-paced production environment.
> . . .
> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).
> . . .
> 7. The claimant was born on September 6, 1968 and was 42 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).
>
> 8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

2

> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 400, Subpart P, Appendix 2).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

(R. pp. 38–52.)

The ALJ's decision became the final decision of the Commissioner when the Appeal's Council denied Plaintiff's request for further review. On October 14, 2013, Plaintiff filed this action seeking judicial review of the Commissioner's decision. *See* Compl., ECF No. 1. Both Plaintiff and the Commissioner filed briefs, *see* ECF Nos. 14, 15, 16, and the Magistrate Judge issued his Report and Recommendation on December 23, 2014. *See* ECF No. 18. Defendant timely filed objections to the R & R on January 9, 2014. *See* Def.'s Objs., ECF No. 19.

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides: "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see also Daniel v. Gardner*, 404 F.2d 889, 890 n.1 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776, 784 (E.D. Va. 1976) (same). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "'substantial evidence.'" *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *Laws*, 368 F.2d at 642).

This standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g.*, *Vitek v. Finch*, 438 F.2d 1157, 1157–58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). The Court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See Meyers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (citations omitted). As the Fourth Circuit has explained, "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58 (citations omitted).

Furthermore, a *de novo* review is conducted of the Magistrate Judge's R & R. 28 U.S.C. 636(b)(1). The Magistrate Judge makes only a recommendation to the Court that has no presumptive weight; indeed, the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de*

4

*novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the [M]agistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DETERMINATION OF DISABILITY

Under the Act, Plaintiff's eligibility for the benefits he is seeking hinges on whether he is under a "disability." 42 U.S.C. § 423(a).  The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." *Id.* § 423(d)(1)(A).  "The ultimate burden to prove disability lies on the claimant." *Preston v. Heckler*, 769 F.2d 988, 991 n.* (4th Cir. 1985).  A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that his impairments meet or medically equal the listed impairments set forth in Appendix 1 of Subpart P. 20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that he could not perform his customary occupation as the result of physical or mental impairments. *See Taylor v. Weinberger*, 512 F.2d 664, 666 (4th Cir. 1975).  Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 404.1560(b).  These factors include the claimant's (1) "residual functional capacity," *id.* § 404.1560; (2) age, *id.* § 404.1563; (3) education, *id.* § 404.1564; (4) work experience, *id.* § 404.1565; and (5) the existence of work "in significant

5

numbers in the national economy" that the individual can perform, *id.* § 404.1560. If the assessment of the claimant's residual functional capacity leads to the conclusion that he can no longer perform his previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id.* § 404.1560. The interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1520, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether he suffers from some physical or mental impairment, (3) whether that impairment meets or medically equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents him from returning to his previous work, and (5) whether the impairment prevents him from performing some other available work.

## DISCUSSION

The Magistrate Judge recommends reversing the decision of the Commissioner and remanding the matter, finding that the Appeals Council committed reversible error in its treatment of the additional evidence submitted to that body and for failure to consider probative evidence. *See* ECF No. 18 at 4. The Magistrate Judge noted that, after the ALJ's decision, Plaintiff submitted additional medical records to the Appeals Council.[2] *See id.* at 9. This evidence was both "new" and "material" as required by the regulations for submitting additional evidence to the Appeals Council. *See id.* at 10 (citing 20 C.F.R. § 404.970). The Appeals Council considered this evidence but used standard, *pro forma* language indicating it did "not provide a basis for challenging the [ALJ's]

---

[2] The additional evidence consisted primarily of the opinion of Dr. Cathleen Kouvolo, a psychiatrist at Charleston Mental Health Department. Dr. Kouvolo began treating Plaintiff in January of 2013 and provided her opinion on August 8, 2013. (R. pp. 728–31.) She noted that, during the time she had been treating Plaintiff, she had "significant" symptoms of depression and anxiety, and that these symptoms would interfere with Plaintiff's ability to obtain and maintain employment. (*Id.*) Dr. Kouvolo noted that, although she had only treated Plaintiff since January 2013, Plaintiff had been a patient at the clinic where Dr. Kouvolo practiced since 2009 and their records showed Plaintiff had a history of mental health issues dating back to 1996. (*Id.*)

6

decision" in its decision.  *See id.* at 10.  The Magistrate Judge acknowledged that the Appeals Council is not mandated to articulate its rationale for denying a request for review.  Nevertheless, the Magistrate Judge found that remand is appropriate here because there is a "reasonable possibility that [these findings] would have changed the outcome" of the decision of whether or not Plaintiff was disabled.  *See id.* at 14 (citing *Wilkins v. Sec. of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991).

Defendant objected to the Magistrate Judge's recommendations.  First, Defendant argues that "for the reasons stated in [her brief], the Commissioner respectfully asks the Court to reject the Report and Recommendation."  *See* ECF No. 19 at 1.  Moreover, the Commissioner asserts that her final decision was "supported by substantial evidence and should be affirmed."  *See id.*  This constitutes the entirety of Defendant's objections.

Defendant's objections fail to direct the Court's attention to a specific error in the R & R, aside from a generalized assertion that the Commissioner's decision was in fact supported by substantial evidence.  Therefore, the Court notes that there is a serious question as to whether the specificity requirement of Rule 72(b) has been met.[3]  However, out of an abundance of caution, the Court has thoroughly reviewed the record *de novo*.  The Court agrees with the Magistrate Judge's findings and, to the extent they meet Rule 72(b)'s standard, overrules Defendant's objections.

As the Magistrate Judge correctly explained, Plaintiff submitted additional medical records to the Appeals Council subsequent to the ALJ's decision.  The Appeals Council did consider this evidence, but simply found that it did "not provide a basis for changing the ALJ's decision."  *See* (r. pp. 1–2).  The Court agrees that these records were both "new," as they were not duplicative or

---

[3] Rule 72(b) provides that: "[w]ithin 14 days after being served with [the R & R], a party may serve and file **specific written objections to the proposed findings and recommendations**. . . . The district judge must determine *de novo* **any part of the magistrate judge's disposition that has been properly objected to**."  Fed. R. Civ. P. 72(b) (emphasis added).

7

cumulative, and "material," as they contained findings and conclusions of a treating source that reached a conclusion contrary to the ALJ's findings and which support those of a treating source whose opinion the ALJ discounted.[4]  *See Wilkins*, 953 F.2d at 96 (detailing the requirements for "new" and "material" evidence).

In her brief, the Commissioner argued that the evidence was not "new" because Dr. Kouvolo's opinion did not indicate that it related to the time period at issue before the ALJ. However, the Court concurs with the Magistrate Judge that, because the Appeals Council did not indicate a basis for its findings, this argument for why the evidence was rejected is speculation by Commissioner's council and cannot be accepted by this Court.  *See Algonquin Gas Transmission Co. v. FERC*, 948 F.2d 1305, 1316 (D.C. Cir. 1991) ("[C]ourts may not accept appellate counsel's *post hoc* rationalizations for agency action.") (citation omitted).  In any event, the opinion shows that it does relate to the relevant time period, as Dr. Kouvolo began treating Plaintiff in January 2013, the same month as the ALJ's decision (rendered on January 25), and was based on Plaintiff's longitudinal case record with Dr. Kouvolo's practice.

Furthermore, the Court agrees with the Magistrate Judge's analysis finding that there is a reasonable probability that the new evidence "would have changed the outcome" of the decision of whether Plaintiff was disabled.  *See Wilkins*, 953 F.2d at 96.  As the Magistrate Judge noted, the Fourth Circuit addressed the Appeal Council's handling of additional evidence in *Meyer v. Astrue*, 662 F.3d 700 (4th Cir. 2011).  In *Meyer*, the ALJ denied the claim, noting that the claimant did not provide an opinion from his treating physician.  *See id.* at 701–02.  The claimant then submitted a letter from his treating physician to the Appeals Council after requesting their review.  *See id.* at

---

[4] The ALJ discounted the opinion of this other treating source, Dr. Michael Kassur, who had opined that Plaintiff met the requirements for Listing 12.04(C). *See* (r. pp. 654–58). The ALJ gave Dr. Kassur's opinion little weight, finding that it was "not consistent with his own treatment notes or the other medical evidence of record." (R. p. 49.)

8

702. The Fourth Circuit first reaffirmed that the Appeals Council is not required to articulate a rationale for denying a request for review, and is only required to make findings of fact and explain its reasoning where it grants a request for review and issues its own decision on the merits. *See id.* at 706. Despite this, the *Meyer* court also noted that it was "mindful that 'an express analysis of the Appeals Council's determination [would] be helpful for purposes of judicial review.'" *Id.* (quoting *Martinez v. Barnhart*, 444 F.3d 1201, 1207–08 (10th Cir. 2006)). The *Meyer* court also explained that "[i]n view of the weight afforded the opinion of a treating physician, analysis from the Appeals Council or remand to the ALJ for such analysis would be particularly helpful when the new evidence constitutes the only record evidence as to the opinion of the treating physician." *Id.* Ultimately the Fourth Circuit found that, in *Meyer*, it simply could not "determine whether substantial evidence supports the ALJ's denial of benefits here." *Id.* The new evidence both corroborated an opinion which the ALJ discounted and conflicted with other record evidence. *See id.* However, because "no fact finder [] made any findings as to the treating physician's opinion or attempted to reconcile that evidence with the conflicting and supporting evidence in the record," remand was appropriate for further fact finding. *Id.*

     The Court agrees with the Magistrate Judge that the facts of this case are similar to the facts in *Meyer*, and its rationale is applicable. The additional treating physician opinion from Dr. Kouvolo corroborates an opinion of a prior treating physician, Dr. Kassur, which the ALJ discounted. Her opinion also assesses more severe impairment than was found by the ALJ and contradicts the ALJ's finding that Dr. Kassur's opinion was not consistent with the other medical evidence. No fact finder, however, has made any findings as to Dr. Kouvolo's opinion and how it reconciles with the evidence in the record. Accordingly, remand is appropriate for consideration of the additional evidence and for further fact finding.

9

## CONCLUSION

The Court has thoroughly reviewed the entire record as a whole, including the briefs, the Magistrate Judge's R & R, Defendant's objections to the R & R, and applicable law. For the reasons set forth above, the Court adopts and incorporates by reference the R & R of the Magistrate Judge. The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and the case is **REMANDED** for further proceedings as set forth herein.

**IT IS SO ORDERED**.

                                              s/ R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Judge

January 14, 2015
Florence, South Carolina